OLIVER v. SALE.

1. The sheriff's commissions for moneys collected on execution are part of the costs of the case, and, therefore, payable by the defendant.
2. Where a sheriff is ruled to show cause why he has failed to pay over money collected by him on execution, and he returns that such money is the costs of plaintiff's attorney, and that such attorney is indebted to the respondent to that amount for services rendered, the rule should be discharged and the parties left to their action at law.

Before ALDRICH, J., Charleston, July, 1882.

The opinion fully states the case.

*Mr. W. M. Thomas,* for appellant.

*Messrs. Simonton & Barker,* contra.

March 8th, 1883. The opinion of the court was delivered by MR. CHIEF JUSTICE SIMPSON. The plaintiff had two executions in the office of Hugh Ferguson, sheriff of Charleston county, against the defendant, upon which the money had been

collected, but not paid over as alleged, and the proceeding below, from which this appeal comes, was a rule upon the sheriff to show cause why he should not be attached for failing to pay over $60.50, the amount of the second judgment, and $13.50, the amount of the first, in his hands.

The sheriff returned for answer to this rule that he held the $60.50 because the same were the costs coming to William M. Thomas, Esq., the plaintiff's attorney, who was indebted to the respondent for certain fees and charges, as sheriff of the county, for service of papers and other work in the sheriff's office, done at the special instance and request of said Thomas; and that he · retained the $13.50 because he was entitled to receive that much commissions on the moneys he had collected for the plaintiff.

On hearing the return, the judge ordered the rule to be discharged. The plaintiff gave notice of appeal on the following exceptions: 1. That the sheriff could not retain the $60.50 for costs due him in his office on proceedings between other parties. 2. That he could do so only by a levy upon the fund, and he had no execution. 3. That the $13.50 should have been collected by the sheriff out of the defendant.

In the act fixing the costs and fees of attorneys and other officers, it is provided that in civil cases these shall become entitled to their fees and costs as of course, accordingly as the action may be terminated, and to be inserted in the judgment against the losing party. This act is now found in section 2425 of the General Statutes. Commissions on moneys collected on executions are fixed as part of the sheriff's fees, as an officer of the court, and, under the above act, are thrown on the losing party. As we understand, it has been the uniform custom throughout the State, since the act of 1839, for the sheriff to collect his commissions from the defendant in the execution in accordance with this law. We think, therefore, it was error on the part of the judge to discharge the rule, so far as the commissions, $13.50, were involved. The plaintiff was entitled to this money as a part of his original debt, and the sheriff should have been ordered to pay it over to him.

As to the $60.50, there was a preliminary question of fact involved. The sheriff claimed that the money in his hands did

not belong to the plaintiff, but to Mr. Thomas, his attorney, which he was entitled to absorb by virtue of a counter-claim held by him against Mr. Thomas. Where a question of fact arises upon a rule against the sheriff raising doubt as to the ownership of the money in his hands, the usual course is to discharge the rule and leave the parties to litigate their rights by suit.

As was said by O'Neall, J., in the case of *Dawkins* v. *Pearson*, 2 *Bailey* 620 : " The proceeding by rule against the sheriff supposes that he is willfully in default, and the judgment of the court is that he is in contempt; anything, therefore, which shows that he is not in contempt ought to discharge the rule. * * * Where there is any doubt as to whom the money should be rightfully paid, the correct course is to discharge the rule and leave the parties to litigate and determine their rights by a suit. A rule will always go where the legal rights of the parties can be made to appear from a conceded statement of facts. But where the facts are disputed, and the law depends on their development, the parties should be left to their action at law, or an issue will be directed at law to try them." *Cooper* v. *Scott*, 2 *McM.* 150. See, also, the case of *Dawson* v. *Dewan*, 12 *Rich.* 499.

Under these authorities, we think the judge was authorized to discharge the rule as to this money. The sheriff had collected the amount; he was, therefore, not in contempt in neglecting or refusing to enforce the execution; and if the amount in his hands really belonged to Mr. Thomas, which does not seem to have been denied, and if, at the same time, he had a valid and legal counter-claim against Thomas, why should he not be allowed an opportunity to set it off ?

It is the judgment of this court that the order below be modified so as to reverse so much thereof as discharged the rule with reference to the $13.50 commissions (which should be made absolute), and to affirm so much as discharged it with reference to the $60.50.